BLEICH, J. (Pro Tempore )
This action was filed by Plaintiff, John David Knight, under the Louisiana Wage Payment Act ("LWPA"), seeking unpaid wages/salary, accrued vacation, expenses, and overtime compensation, as well as penalty wages, interest, and attorney fees from Defendants, Barney Tucker and Donald, Tucker, Betts, Fuller & Knight, A.P.A.C. In a previous appeal, this Court: (1) acknowledged the trial court's determination that Knight was entitled to unpaid wages of $49,500; (2) affirmed the trial court's denial of Knight's request for overtime, penalty wages, and liquidated damages; (3) reversed the denial of Knight's status as an employee, request for accrued but unused vacation leave, and attorney fees; and (4) remanded the matter to the trial court with instructions. See, Knight v. Tucker , 50,993 (La. App. 2d Cir. 11/16/16), 210 So.3d 407, writs denied , 17-0241 (La. 4/7/17), 218 So.3d 109. On remand, the trial court awarded Knight unused vacation pay of $2,596.16 and $80,000 in attorney fees. Defendant, Donald, Tucker, Betts, Fuller & Knight, A.P.A.C. ("the Firm"), has appealed this award as excessive, and Plaintiff has answered the appeal, urging that the award is inadequate and seeking an increase for work done in connection with this appeal. For the reasons set forth below, we affirm the trial court's judgment and award $4,500 in additional attorney fees to Knight for defense of the appeal.
FACTS AND PROCEDURAL BACKGROUND
The underlying facts and procedural background are set forth in this Court's *627 prior opinion, Knight , supra , a copy of which is attached hereto as an Appendix. Following the rendition of Knight, supra , on November 8, 2017, Plaintiff filed a "Motion to Set Amount of Attorney's Fees and Vacation Pay." A hearing was held on this motion on March 23, 2018. Judgment was rendered by the trial court on April 20, 2018, granting Plaintiff vacation pay in the amount of $2,596.16, together with judicial interest from the date of judicial demand, and attorney fees in the amount of $80,000.
DISCUSSION
The Firm urges that, because attorney fees are only awarded on a "well-founded" claim for unpaid wages, and the $49,500 awarded regarding Knight's unpaid salary/wages was under a contractual arrangement, this amount was not in dispute at trial or on appeal, and took almost no effort by either party's counsel. Therefore, the "unpaid wages" contemplated by La. R.S. 23:632(B) does not include the $49,500, and the trial court erred in awarding attorney fees based on anything other than Knight's entitlement to unused vacation pay of $2,596.16.
Knight, however, correctly points out that both the trial court, in its ruling on remand, and this Court in its first opinion, clearly stated that the award of attorney fees to which Knight was entitled was based on his successful claim for $49,500 in unpaid salary and $2,596.16 in unused vacation pay, both of which constituted "wages" under the LWPA. As observed by this Court in Knight , 210 So.3d at 420, "Plaintiff's suit is 'well-founded' in that he has already recovered on his claim for unpaid wages and, in this appeal, is successful in his claim for vacation pay , if not overtime or penalty wages. (Emphasis added). Furthermore, for the purposes of the LWPA, wages are any amounts due under the terms of employment which are earned during a pay period. Hanks v. Louisiana Companies , 16-334 (La. App. 3d Cir. 12/14/16), 205 So.3d 1048, writ denied , 17-0260 (La. 5/19/17), 220 So.3d 749 ; Williams v. Dolgencorp., Inc. , 04-139 (La. App. 3d Cir. 9/29/04), 888 So.2d 260, amended on reh'g , (La. App. 3d Cir. 12/22/04), writ denied , 05-0174 (La. 3/24/05), 896 So.2d 1042. We find, therefore, that he is entitled to an award for attorney fees." This assignment of error is without merit.
We next turn to an analysis of whether the trial court's attorney fee award of $80,000 constitutes an abuse of discretion as excessive or inadequate.
Reasonable attorney fees are to be awarded for a well-founded suit for any unpaid wages. La. R.S. 23:632(C) ; Webb v. Roofing Analytics, LLC , 48,248 (La. App. 2d Cir. 7/24/13), 121 So.3d 756 ; Smith v. Acadiana Mortgage of Louisiana, Inc. , 42,795 (La. App. 2d Cir. 1/30/08), 975 So.2d 143 ; Hanks, supra ; Saacks v. Mohawk Carpet Corp. , 03-0386 (La. App. 4th Cir. 08/20/03), 855 So.2d 359, writ denied , 03-2632 (La. 12/12/03), 860 So.2d 1158.
Factors to be considered in determining the reasonableness of an attorney's fee award include the following: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) the amount of money involved; (5) the extent and character of the work performed; (6) the legal knowledge, attainment, and skill of the attorneys; (7) the number of appearances involved; (8) the intricacies of the facts involved; (9) the diligence and skill of counsel; and (10) the court's own knowledge. State, Dept. of Transportation and Development v. Williamson , 597 So.2d 439 (La. 1992); U.L. Coleman Company, Ltd. v. Gosslee , 51,396 (La. App. 2d Cir. 11/3/17), 244 So.3d 783, *628 writ denied , 18-0239 (La. 4/16/18), 240 So.3d 180 ; Smith, supra .
The trial court is vested with considerable discretion in setting attorney fees and will not be disturbed absent an abuse of that discretion. U.L. Coleman Company, Ltd., supra ; Webb, supra ; Smith, supra .
The following is excerpted from the trial court's oral reasons for judgment:
The court has thoroughly reviewed Mr. Knight's attorney's motion to fix the attorney's fees. I considered the amounts, and I've also considered the charges set forth by Mr. Jeff Koonce, Mr. Thomas Kiggans, Brandy Bells Cole, Jessica Houghman, Paul LeBlanc, Jr., and Shelby Guidry. The court likewise remembers the testimony of Attorney James Carroll who indicated, paraphrasing in this court's view, that Mr. Kiggans' bill was upwards to the top or at the top end of the billing chart in his view. When asked was his bill reasonable both Mr. Carroll and Ms. Allison Jones found that they had reviewed the bill of Mr. Kiggans and found that it was in their view, professional opinion, reasonable under the circumstances. The court likewise heard from Attorney Tom Hayes, III. Mr. Hayes noted that he was familiar personally with the charges of both of paralegals as well as ... very capable attorneys in the area. He cited several attorneys' names that had done and participated in federal suits ... who had received and been granted [fees of] approximately $150-$200 an hour....
[D]uring the original suit Mr. Kiggans and Mr. Knight prevailed on the $49,500 unpaid salary at trial. Mr. Kneipp indicated that had been satisfied with judicial interest from the date of demand. Likewise on appeal Mr. Knight wanted the vacation pay and this court does set the vacation pay at $2,596.16 plus judicial interest from the date of demand ... The court also notes that under the Louisiana Wage Payment Statute attorney's fees are mandated, and the court is mandated to award reasonable attorney's fees for "a well-founded suit for unpaid wages;" ... the Court of Appeal Second Circuit found that this suit was "well founded" ...
[I]f you tally it up and you add up the figures that were actually awarded before and after trial [Knight] won on his $49,500 unpaid salary/wage claim, and he also won and will be awarded $2,596.16 [for unpaid vacation] plus judicial interest from date of demand. That total is $52,096.16. The matters that were not won total $20,000 for reimbursement expense claims, unpaid overtime claim of $13,583.64, liquidated damages claim of $13,583.64, and he further lost on the penalty wages ... claim of $25,961.58... [for a total of] $73,687.87. The difficulty that this court faces is I have a tremendously large bill and a portion of that which is alleged to have been written off, and if I take Mr. Kiggans at his word as an officer of the court I believe that to be the case, an additional $35,000. I also have an award of back wages in the amount of $49,600 which was granted by this court as well as the additional $2,596.16 in vacation pay that was granted by the Court of Appeal....
Mr. Kiggans comes and presents to the court that he and his firm have worked for some six years. They have gone to the Court of Appeal. They've gone to the Supreme Court through Writs. They took the court's original judgment and trial court's ruling up. They did receive additional relief. They were determined to be an employee rather than a partner ...
*629 Reasonable attorney's fees will be set at this time. I attempted to do the best that I could, and I carefully considered all of the pleadings filed, the testimony, evidence presented, as well as the arguments of counsel, the witnesses that did appear in front of this court, and the applicable State and Federal case law at the March 23rd hearing as well as the briefs that I had mentioned earlier....
[I]t is ordered that the plaintiff's request for reasonable attorney's fees as determined by the court after having reviewed the testimony in full, considering their entire presentation, skill, efforts and in Kneipp's view possibly overworking the case I factored both arguments in and I will award the sum of $80,000 [in attorney fees] and vacation pay in the sum of $2,596.16 plus judicial interest from the date of judicial demand. This case has gone on for some six years. It was fully litigated in a day and a half. These attorneys are out of town, and the billing records are and have been considered fully by the court.
It is obvious that the trial court gave thoughtful consideration to the applicable factors in its determination of a reasonable attorney fee. The trial court specifically discussed: the relief sought and the results ultimately obtained by counsel for Knight; the amount of money involved; the length of this litigation and the number of appearances made; the intricacies of this case; the diligence and skill of counsel (for both parties); and the court's own knowledge. We find no abuse of discretion in the trial court's award of $80,000 in attorney fees in this case. While this amount was obviously a compromise between the awards urged by Knight and the Firm, it is well-supported by the record and will not be disturbed.
Knight, in his answer to the appeal, has sought an additional award of $10,000 in attorney fees for the costs he incurred in defending this appeal. It is within this Court's discretion to award attorney fees for defending an appeal. U.L. Coleman Company, Ltd., supra ; Webb, supra ; Hanks, supra . The skill exercised by the attorney and the time and work done on the appeal are factors to be considered in determining the amount of the award for attorney fees. Webb, supra . Considering the work required in defending this appeal, we find that an increase of $4,500 in attorney fees is warranted, which brings the total attorney fee award in this matter to $84,500.
CONCLUSION
For the reasons set forth above, we affirm the trial court's judgment and award additional attorney fees to Plaintiff, John David Knight, for defense of this appeal. Costs of the appeal are assessed against Defendant, Donald, Tucker, Betts, Fuller & Knight, A.P.A.C.